**RBS**

BRIAN A. GORDON   ID# 52342
LESLIE A. SUDOCK ID#36527
Law Offices of Brian A. Gordon, P.C.
615 Chestnut Street, Suite 1601
Philadelphia, PA 19106
(215) 733-0600 — 215 557 1666

**LOUIS AGRE   ID#52428**
615 Chestnut Street, Suite 1601
Philadelphia, PA 19106
(215) 922-0102
Attorneys for United States of America and
Kevin Young
Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **United States of America,** *ex rel.* **Kevin Young** 1423 Edgewood Street Philadelphia, PA 19151  Plaintiffs  v.  **Somerset Farms, Inc.** 901 North Bethlehem Pike Ambler, PA 19002  and  **Jay J. Shrager, President Somerset Farms, Inc.** 901 North Bethlehem Pike Ambler, PA 19002  and  **Somerset Industries, Inc.** 1200 Prison Road Lovelock, NV 89419  and  **John Doe I to XX** | Civil Action No. 02-cv-2846  **FILED IN CAMERA AND UNDER SEAL** |

## COMPLAINT

**Jurisdiction and Venue**

1. This is an action to recover damages and civil penalties on behalf of the United States arising out of false claims for payment made by Defendants to the United States. Plaintiff Kevin Young seeks damages on behalf of the United States and himself, civil penalties and expenses including attorneys fees and costs under the False Claims Act, as amended, 31 U.S.C. §§ 3729, *et seq*.

2. The jurisdiction of this Court is invoked pursuant to the United States False Claims Act, as amended, 31 U.S.C. §3730 (b), and 28 U.S.C. §1331 as Plaintiffs' claims arise under the laws of the United States of America.

3. Venue is proper in this district under 28 U.S.C. § 1391 (b), 31 U.S.C. §§3730 (b)(1), 3732 (a) and 29 U.S.C. § 216; one of the Defendants is located within the District and many of the events which are the subject of this action occurred within the Eastern District of Pennsylvania.

4. Under the Act, this Complaint is to be filed in camera and remain under seal for a period of at least sixty (60) days, and shall not be served Defendants until the Court so orders. The Government may elect to intervene and proceed with the action within sixty (60) days after it receives both the complaint and the material evidence and information.

**Parties**

5. This action is brought on behalf of Plaintiff Kevin Young and the United States pursuant to 31 U.S.C. § 3730 (b)(1).

6. Qui Tam Plaintiff, Kevin Young, is a United States citizen and a resident of the Commonwealth of Pennsylvania. Hereafter, he will be referred to as Relator.

7. Relator is an original source of knowledge with respect to the matters alleged in this complaint and voluntarily brings this action pursuant to 31 U.S.C. §3730 (b)(1).

8. As required under the Act, 31 U.S.C. §3730(a)(2), Relator has provided to the Attorney General of the United States and to the United States Attorney for the Eastern District of Pennsylvania, simultaneous with the filing of this complaint, a statement of all material evidence and information related to the complaint. This disclosure statement supports the existence of fraud and false claims by Defendants.

9. Relator is a current employee of Defendants, Somerset Farms, Inc., Jay J. Shrager, and/or Somerset Industries, Inc. He is employed as a janitor in Defendants' Springside, Pa. facility.

10. Defendant, Somerset Farms, Inc. is a corporation organized pursuant to the laws of the Commonwealth of Pennsylvania with its principal place of business at 901 Bethlehem Pike, Springhouse, PA 19477, and is currently supplying frozen, canned, and institutional food to U. S. prisons and other federal departments and agencies throughout the Unites States.

11. Defendant Jay J. Shrager is an adult person and corporate officer of Defendant Somerset Farms, Inc., 901 Bethlehem Pike, Springhouse, PA 19477.

12. Defendant, Somerset Industries, Inc. is a corporation organized pursuant to the laws of the state of Nevada with its principal place of business at 1200 Prison Road, Lovelock, NV 89419 and is currently supplying frozen, canned, and institutional food to U. S. prisons and other departments and agencies throughout the Unites States.

13. Defendants John Doe I to XX, whose names and/or capacities and/or facts showing them liable are not known presently, are agents and/or employees of every other Defendant acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of the co-Defendants.

## COUNT I - Fraud

14. Plaintiffs incorporate the above paragraphs as though fully set forth herein.

15. Defendants entered into a series of contracts with the United States to supply frozen, canned food and other food items to U.S. prisons and other federal departments and agencies.

16. Defendants' contracts for the provision of food to the Government United States require that the food is of merchantable quality and comply with all FDA regulations and other statutes and regulations of the United States.

17. In early February 2002, Relator discovered an ongoing pattern of fraudulent conduct by Defendants, by which Defendants sold food which was falsely represented to be fresh, un-expired, compliant with FDA regulations, and/or of merchantable quality, and which was instead stale and/or expired, in violation with FDA regulations, and/or not of merchantable quality.

18. As part of their fraud, Defendants contracted with the United States for the sale of the unfit food, submitted false invoices for the sale of the unfit food, and demanded payment from the United States for the sale of the unfit food.

19. Defendants' fraud was accomplished by engaging in conduct which concealed the lack of freshness of food sold to the United States, including

   a. ordering employees to remove plastic tabs which contained expired

       freshness and/or "sell by" dates from bread items which had been frozen and were in some instances many years old prior to shipment to federal prisons and other federal government end-users, in order to pass off the food as fresh and/or of merchantable quality;

   b.   ordering employees to grind off and/or remove expiration dates and/or "sell by" dates from canned goods which had expired or passed their freshness dates, in order to pass off the food contain in the cans as fresh, unexpired and/or of merchantable quality;

   c.   using many other methods to pass off expired and/or stale food which was being sold to the United States as unexpired and/or fresh.

20. The misrepresentations about the fitness of the food sold to the United States were facilitated and/or carried out by Defendants, through their officers and employees, and/or at the direction of their officers.

21. It is believed and averred that Defendants' fraudulent sale of expired food and stale food occurred continuously since Defendants began to sell food to the United States for use in federal prisons and other agencies.

22. By passing off expired food and stale food as unexpired food and fresh food, Defendants intentionally misrepresented that food sold to the United States was of a certain quality and fitness.

23. The invoices and representations contained therein that Defendants submitted to the appropriate officers and/or employees of the United States for payment were predominantly false and fraudulent in that they were submitted to secure payment

for unfit and/or expired food.

24. The United States relied on Defendants' representations regarding the fitness of the food by purchasing and using unfit food purchased from Defendants.

25. As a result of Defendants' fraud, the Treasury of the United States paid an undetermined sum for food which was worthless and unfit for human consumption

26. As a result of the fraud perpetrated by Defendants, the Treasury of the United States was injured by (i) paying market price for food which was not of merchantable quality, and of little or no value; and (ii) by serving unfit food to its employees and other individuals in U.S. custody.

27. The United States was further damaged by Defendants' fraud to the extent that the Treasury was obligated to pay the medical expenses, judgements and/or other costs resulting from medical illness suffered by persons in the custody of the United States after eating the unfit food purchased from Defendants.

28. Defendants are jointly and severally liable for each others conduct as a result of being each other's agent.

29. Defendant Somerset Farms, Inc. and Defendant Somerset Industries, Inc. are the alter ego of one another.

## COUNT II - Conspiracy

30. Plaintiffs incorporate the above paragraphs as though fully set forth herein.

31. Defendants conspired with each other and others to defraud the United States in obtaining payment for false and/or fraudulent claims by:

    a. concealing the dates in which food items were manufactured by removing tags with dates on them;

    b.    grinding off dates from canned goods which revealed manufacturing dates, sell by dates and/or expiration dates;

    c.    presenting false claims as to the freshness and/or merchantability of food being sold to the United States;

    d.    possessing property, including food products, with the intention of defrauding the United States.

32. By knowingly and intentionally destroying information concerning the expiration date on food sold to the U.S. and representing the food as fresh and/or unexpired, Defendants conspired to defraud the United States in the sale of unfit food to the United States' Departments and Agencies.

33. As a result of performing the acts described above, through the acts of their officers, agents, and/or employees, Defendants' conspired to defraud, and damaged, the Treasury of the United States.

## COUNT III - False Claim or Statement

34. Plaintiffs incorporate the above paragraphs as though fully set forth herein.

35. In performing the acts described above, defendants, through the acts of their officers, agents, and/or employees, knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government, to the damage of the Treasury of the United States.

## COUNT IV - Fraudulent Concealment

36. Plaintiffs incorporate the above paragraphs as though fully set forth herein.

37. In performing the acts described above, defendants, through the acts of their officers, agents, and/or employees, knowingly have or had possession, custody, or

control of money used or to be used by the Government, and intending to defraud the Government or willfully to conceal the money, delivered or caused to be delivered less property than the amount for which Defendants received a certificate or receipt, to the damage of the Treasury of the United States.

## COUNT V - Fraudulent Statement

38. Plaintiffs incorporate the above paragraphs as though fully set forth herein.

39. In performing the acts described above, defendants, through the acts of their officers, agents, and/or employees, authorized to make or deliver a document certifying the receipt of property used, or to be used, by the Government and, intending to defraud the Government, made or delivered the receipt without completely knowing that the information on the receipt was true, to the damage of the Treasury of the United States.

## COUNT VI - Unjust Enrichment

40. Plaintiffs incorporate the above paragraphs as though fully set forth herein.

41. In performing the acts described above, Defendants, through the acts of their officers, agents, and/or employees, were unjustly enriched by their actions, to the damage of the Treasury of the United States.

**Prayers**

WHEREFORE, Plaintiffs, United States Government and Kevin Young demand judgement against Defendants, jointly and severally, for their violations of the False Claims Act, as set out in Counts I-V, and an award including but not limited to:

    a. reimbursement for the entire price paid for expired food and/or stale food

Act, as set out in Counts I-V, and an award including but not limited to:

a. reimbursement for the entire price paid for expired food and/or stale food sold to the United States; and

b. three times the amounts owed to the United States as a result of the false and fraudulent claims made by Defendants; and

c. a fine of $10,000.00 for each false claim, defined as each item of food, shipment of food, and/or contract submitted by Defendants to the United States or its Departments or Agencies for the fraudulent sale of unfit food; and

d. reasonable costs including reasonable attorneys in connection with this action; and

e. appropriate relief for Relator Kevin Young, pursuant to §3730(h), including an injunction, enjoining and restraining Defendants from harassing and discriminating against him; and

f. other relief which this court deems proper.

## JURY DEMAND

Plaintiffs demands a trial by jury of all issues herein.

Respectfully submitted,

DATE: May 9, 2002

BRIAN A. GORDON
I.D. No. 52342
LESLIE A. SUDOCK
I.D. 36527
Law Offices of Brian A. Gordon, P.C.

615 Chestnut Street, Suite 1601
Philadelphia, PA 19106
(215) 733-0600

LOUIS AGRE
I.D. No. 52428
615 Chestnut Street, Suite 1601
Philadelphia, PA 19106
(215) 922-0102

Attorneys for Plaintiffs