IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL. KEVIN YOUNG | : : : | |
| v. | : : | CIVIL ACTION NO.  02-2846 |
| SOMERSET FARMS, INC., ET AL | : | |

**SURRICK, J.**                                                                                                   **MAY 16 , 2014**

## MEMORANDUM

Presently before the Court are Relator's Petition for an Award of Attorney's Fees, Costs, and Expenses (ECF No. 28), and Relator's Motion for Relief from Judgment or Order under Fed. R. Civ. P. 60(a) (ECF No. 43).  For the following reasons, Relator's Petition for Attorney's Fees will be granted in part and denied in part, and Relator's Motion for Relief will be dismissed as moot.

**I.     BACKGROUND**

This qui tam action was filed by Kevin Young ("Relator") against Somerset Farms, Inc., Somerset Industries, Inc., and Jay J. Shrager ("Defendants").  (Pet., ECF No. 28.)   Relator claimed that Defendants violated the False Claims Act, 31 U.S.C. §§ 3729, *et seq.* ("FCA"). (*Id.*)  The lawsuit was settled on or about March 26, 2010 for $150,000, plus accrued interest. (*Id*.)  Based on the Settlement Agreement, Relator was to receive twenty percent of the total settlement, and Defendants were to pay Relator's attorney's fees, either as agreed upon, or as awarded by the Court.  (*Id.*)

On April 13, 2010, Relator filed a Petition for an Award of Attorney's Fees, Costs, and Expenses. (*Id.*) In his Petition, Relator requests a total fee of $47,725.77. This figure includes the services provided by Brian Gordon ("Gordon") and an associate working under Gordon, for their work throughout the litigation of this case and the fee petition. (*Id.*) It also includes Gordon's costs and expenses. (*Id.*) On May 10, 2010, Defendants filed a Response in opposition to Relator's Petition. (ECF No. 29.) On December 15, 2010, Relator filed a Supplemental Petition. (1st Supp. Pet., ECF No. 31.) In his Supplemental Petition, which was filed approximately eight months after the first fee petition, Relator requests a total fee of $56,814.28. (*Id.*) This Petition added fees for the time and expense incurred since the filing of the original petition. (*Id.*) On December 20, 2010, Defendants filed a Supplemental Response in opposition. (ECF No. 33.) On December 21, 2010 and January 5, 2011, we held a hearing on Relator's Petitions. (ECF No. 34, 38.) On January 31, 2011, Relator filed a Second Supplemental Petition, requesting a total of $70,199.98 in fees and costs. (2nd Supp. Pet., ECF No. 41.) The amount requested includes fees for the time expended between the filing of the Supplemental Petition and the Second Supplemental Petition, which includes the two fee petition hearings and the preparation of the Second Supplemental Petition. (*Id.*) In light of the Settlement Agreement between the parties, on October 13, 2011, we directed the Clerk of Court to mark the matter closed. (ECF No. 42.) On December 14, 2011, Relator filed the Motion for Relief from Judgment. (ECF No. 43.)

## II.   DISCUSSION

Relator argues that, as the prevailing party under the Settlement Agreement, he is entitled to recover all reasonable attorney's fees, costs, and expenses, pursuant to § 3730(d)(2) of the FCA. In their Response, Defendants agree that Relator is entitled to recover attorney's fees but

contest the amount requested by Relator and the method suggested by Relator to calculate the fees.  Under the FCA, attorney's fees are mandatory when a false claim case is decided in favor of the relator and against the defendant.  31 U.S.C. § 3730(d)(2).  A successful relator is entitled to reasonable expenses, attorney's fees, and costs, and these are awarded against the defendant. *Id.*; *see United States ex rel. Sharma v. Univ. of S. Cal.*, 217 F.3d 1141, 1143 (9th Cir. 2000) (interpreting the FCA to require attorney's fees and costs be awarded separate from the proceeds of the FCA settlement)).

### A.     Attorney's Fees for Litigation of the Case

We will initially address the reasonableness of the fees requested for the litigation of the case in chief.  The reasonableness of the fees requested for the fee petitions will be analyzed thereafter, since "[t]ime spent on the fee petition is to be analyzed separately from the time spent on the main part of the litigation."  *Cerva v. E.B.R. Enters, Inc.*, 740 F. Supp. 1099, 1108 (E.D. Pa. 1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).  Addressing first the issue of whether attorney's fees should be awarded based on the contingency fee agreement between Relator and his counsel or the lodestar method, Defendants argue that Relator's attorney's fees should be determined with reference to Relator's contingent fee agreement with his counsel.  Relator argues that his fee agreement with his counsel is not a simple 40% contingency fee agreement.  Rather, it provides that counsel shall be entitled to either the court awarded fee or 40% of the Relator's recovery.[1]  In addition, he argues that the fee arrangement that he has with his counsel does not dictate the amount that is awardable under the lodestar method.

---

[1] A December 2, 2009 letter from Relator's counsel to Relator states that if Relator's counsel is able to recover fees and costs from Defendants in a separate petition or settlement, the amount Relator's counsel is entitled to under the fee agreement will be reduced by the amount of fees and costs recovered separately.  (*See* 2nd Supp. Pet. Ex. B, P-8 (on file with Court).)

The appropriate standard for determining reasonable attorney's fees is the lodestar method. *See Washington v. Phila. Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996); *United States ex rel. Doe v. Penn. Blue Shield, Xact Medicare Serv.*, 54 F. Supp. 2d 410, 413 (M.D. Pa. 1999). In the presence of a contingency fee agreement, the court looks at what is reasonable, not what the parties agree to. There is a strong presumption that the lodestar figure—the product of reasonable hours multiplied by a reasonable rate—represents a reasonable fee. *See Blanchard v. Bergeron*, 489 U.S. 87, 93-95 (1989). Thus, courts turn to the lodestar method, even if it may result in a larger fee award. *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 312 (3d Cir. 2008) (citing *City of Burlington v. Dague*, 505 U.S. 557, 566 (1992)). We will utilize the lodestar method in determining the reasonable attorney's fees, despite the contingency fee agreement between Relator and his counsel.

1. *Reasonable Hourly Rate*

Under the lodestar approach to valuing an attorney's services, we must first determine the reasonable hourly rate. "'Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community.'" *Plumbers Union Local No. 690 v. F.P.S. Plumbing, Inc.*, No. 08-4271, 2009 WL 2603162, at *1 (E.D. Pa. Aug. 21, 2009) (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). The market rate is often based on the rate charged by attorneys in the community where the case is litigated. *See Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1186-88 (3d Cir. 1995). The party seeking fees has the initial burden of providing sufficient evidence of the reasonable market rate for the legal services rendered. *Webb v. Bd. Of Educ. of Dyer Cnty.*, 471 U.S. 234, 242 (1985); *Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1977). "This burden is normally addressed by submitting affidavits of other attorneys in the relevant legal community attesting to the range of

prevailing rates charged by attorneys with similar skill and experience." *Wade v. Colaner*, No. 06-3715, 2010 WL 5479625, at *4 (D.N.J. Dec. 28, 2010) (internal quotation marks omitted). "Thus, the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode*, 892 F.2d at 1183.

Relator argues that his counsel's hourly rates are reasonable. Defendants do not contest the reasonableness of the hourly rates charged. To establish the reasonableness of Gordon's rates, Relator submitted declarations of Kenneth Zoldan, Harold Goldner, and Michael Durst, who are all well respected attorneys in federal civil rights litigation. (Pet., Ex. C.) These declarations state that Gordon's rates are fair and reasonable for the Philadelphia market. (*Id.*) Gordon has practiced law for twenty-four years and has litigated a broad range of cases throughout his career. Gordon normally bills his clients at the rate of $300 per hour, which is the rate at which he billed Relator. We agree with Relator that Gordon's rate is within the range of those charged by comparable attorneys in the market in this district. *See Penn. Blue Shield*, 54 F. Supp. 2d at 419 (finding rate of $245 an hour reasonable for counsel in FCA case in 1999); *see also McGuffey v. Brink's Inc.*, 598 F. Supp. 2d 659, 669-70 (E.D. Pa. 2009) (awarding $400 to two attorneys with thirty-five and twenty-eight years of experience in employment matters); *Marthers v. Gonzales*, No. 05-3778, 2008 WL 3539961, at *3 (E.D. Pa. Aug. 13, 2008) (awarding rates up to $380 per hour to attorneys in employment case); *Omari v. Waste Gas Fabricating Co.*, No. 04-796, 2005 WL 851345, at *1-2 (E.D. Pa. Apr. 13, 2005) (awarding $300 per hour in employment case to a partner in a small suburban law firm and $275 per hour to his associate who had 15 years of experience). Thus, Gordon's rate of $300 per hour is reasonable.

To establish the reasonableness of the hourly rates requested for Gordon's associate, Relator submits the declaration of Gordon. (Pet., Ex. A.) Relator requests $125 per hour for Gordon's associate. We find that this billing rate is reasonable as well. *See Omari*, 2005 WL 851345, at *1-2 (finding an hourly rate of $215 charged for the services of a second year associate, who functioned like a mid-year associate, to be reasonable).

### 2. *Reasonable Number of Hours*

We must now determine whether counsel spent a reasonable number of hours working on the case. "A request for fees must be accompanied by fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." *Plumbers Union Local No. 690*, 2009 WL 2603162, at *2 (quoting *UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007)). However, the Supreme Court has determined that a "general subject matter" of time expenditures is sufficient as well. *Hensley*, 461 U.S. 424, 437 n.12 (1983).

Relator argues that his counsel's hours were reasonable and necessary. Specifically, he argues that the results obtained in the settlement agreement were fully successful and that he has essentially brought about the relief that should be awarded under the FCA. Attached to his Petition, Gordon provided time slips that lay out the specific dates and amount of time spent on each task in litigating this case—broken down in tenth-of-an-hour increments. These time slips provide a sufficiently detailed list of the work performed for us to determine that the task described justified the time spent. None of the entries appear to be excessive or inflated. In addition, Gordon provided a declaration in which he states that he performed the following tasks over a span of eight years: reviewed evidence, researched claims under the FCA, drafted and filed the complaint, identified and interviewed witnesses, counseled relator, aided the United

States Attorney, maintained confidence of Relator, etc.  Gordon reports that he spent 112.65 hours over the eight years.  He also claims that his associate spent 27.3 hours on this case.  In total, Relator's counsel billed 139.95 hours for his own time and the time of his associate.  After thoroughly reviewing Gordon's time slips, and considering the fact that Gordon worked on the case from start to finish over a period of eight years and obtained a favorable result, 139.95 hours is not excessive.

        3.        *Reasonable Lodestar*

Having determined the reasonableness of the hourly rate and the number of hours spent, the court must decide whether the lodestar is reasonable.  To determine the lodestar, we multiply the reasonable hourly market rate by the number of hours reasonably spent.  *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 886 F. Supp. 445, 458 (E.D. Pa. 1995).  This does not necessarily end the inquiry.  "There remain other considerations that may lead the district court to adjust the fee upward or downward."  *Plumbers Union Local No. 690*, 2009 WL 2603162, at *2 (quoting *UAW Local 259 Soc. Sec. Dep't*, 501 F.3d at 292).  For example, the lodestar may be reduced to account for "results obtained."  *Hensley*, 461 U.S. at 434.  In this case, however, we see no other considerations that might affect the lodestar.

We find that the amount requested in attorney's fees is not excessive here.  There is nothing to suggest that the lodestar should be reduced.  Relator did not have limited success, and despite Defendants' urging at the hearing, we will not reduce the fee award because Defendants may be financially strained.  Defendants provided no evidence with regard to their financial position and provided no case law suggesting that a downward adjustment of an award of attorney's fees is proper because a private business is insolvent.  This case was settled for $150,000.  Relator is requesting $37,813.77 for Gordon's and his associate's work on the case in

chief, which amounts to approximately 25% of that amount.  Other courts in FCA cases have found fee awards that were a greater percentage of the total recovery reasonable.  *See United States v. Cooper Health Sys.*, 940 F. Supp. 2d 208, 218 (D.N.J. 2013) (finding fee award that was 41% of the total recovery of the plaintiffs and the law firm reasonable in an FCA case); *U.S. ex rel. Greendyke v. CNOS, P.C.*, No. 04-4105, 2007 WL 2908414, at *1 (D.S.D. Sept. 27, 2007) (finding total fee award of $114,596.66 reasonable when the FCA claim was settled for $345,000—a 33% fee award).  We will award $37,813.77 in attorney's fees to Relator's counsel for the time spent in litigating the case over the period of eight years.

### B. Attorney's Fees for Time Spent Preparing the Fee Petitions

Next, we must determine whether Relator can request attorney's fees for the time his counsel spent preparing the fee petitions and if so, whether the amount requested is reasonable.  Relator contends that he is entitled to an award of fees for the time spent in connection with preparation of the fee petitions.  He argues that that the purpose of the statutory fee award under the FCA is to provide reasonable incentives for lawyers to get involved in such cases and that not receiving compensation for time needed to prepare and present a fee petition to the court diminishes fair recovery for attorneys.  We agree.

"[C]ourts have consistently held that attorneys may be awarded, under statutory fee authorizations, compensation for the expenses of and time spent litigating the issue of a reasonable fee i.e. for time spent on the fee application and successful fee appeals."  *Prandini v. Nat'l Tea. Co.*, 585 F.2d 47, 53-54 (3d Cir. 1978).  The proper method for determining the fee award for the hours expended in preparing a fee application is the lodestar method, which, as discussed above, involves multiplying the reasonable hourly rate by the reasonable numbers of hours spent.  *Bagby v. Beal*, 606 F.2d 411, 416 (3d Cir. 1979) (citing *Hughes v. Repko*, 578 F.2d

483, 487 (3d Cir. 1978)). "These hours, however, may be reduced when the petition is only partially successful." *Cerva*, 740 F. Supp. at 1099 (citing *Black Grievance Comm. v. Phila. Elec. Co.*, 802 F.2d 648, 657 (3d Cir. 1986).

Here, Relator is requesting a reasonable hourly rate for the time counsel spent on the fee petitions. In his Petition, Relator requests $9,775 for work in preparing the initial motion for an award of counsel fees. This time includes the time expended by Gordon and Alice W. Ballard ("Ballard"). Relator requests an hourly rate of $300 for Gordon, which we determined was reasonable based on his experience and the current market rate. In addition, Relator requests $400 per hour for Ballard's time. To establish the reasonableness of Ballard's hourly rates, Relator submits the declaration of Ballard. (Pet. Ex. D.) Ballard graduated from Harvard Law School in 1973 and since then has litigated hundreds of cases. She also teaches in the area of employment rights. Ballard's usual billing rate is $500 per hour, but she agreed to bill at a reduced rate of $400 in this case. Based on her experience and credentials, and the current market rate, we find Ballard's rate of $400 per hour to be reasonable.

In total, Relator requests fees for 26.9 hours for Gordon's and Ballard's work on the fee Petition. Even though their fee petition was successful, we find this amount to be unreasonable and excessive, considering the fact that it was a relatively simple thirteen page fee petition supplemented by affidavits and attorney time sheets. We find 10 hours to be a reasonable amount of time for the preparation of a fee petition with limited complexities. *See Maldonado v. Houston*, 256 F.3d 181, 187-88 (3d Cir. 2012) (finding that 10 hours was a reasonable amount of time expended on a fee petition); *Penn. Blue Shield*, 54 F. Supp. 2d at 419 (finding a reasonable amount of time to prepare fee petition and calculate fees to be 20 hours—not 168.9 hours—where counsel was asking for over $700,000 in legal fees and costs). We will award $3,500

($350 multiplied by 10 hours) in attorney's fees for the preparation and filing of the original fee petition.

On December 15, 2010, Relator filed a Supplemental Petition for Attorney's fees, requesting an additional $9,089.21 for time and expenses incurred since the filing of the original Petition. This amount includes the time spent by Gordon and his paralegal ("Boulware"), as well as related costs. The total time billed by Gordon is 26.55 hours and the total time billed by his assistant is 15.90 hours. Although the hourly rates charged by Gordon and Boulware ($300/hour and $60/hour, respectively) are reasonable, we find that the time expenditures are not. The timesheet attached to the supplemental petition indicates that 12 of the billed hours were actually spent on the initial fee petition. We already determined that a total of 10 hours was a reasonable expenditure of time on the initial fee petition and awarded fees for that amount of time. Therefore, we will not award fees for the additional time Gordon spent on that issue. On the other hand, the balance of 14.55 hours that Gordon spent is reasonable, as the time entries indicate that the time spent was related to obtaining, implementing, and enforcing the settlement agreement. Therefore we will award $4,365 for Gordon's time and $170.21 for associated costs.

We decline to award attorney's fees for the time spent by Boulware because although the timesheets list the general subject matter for the time expenditures, those descriptions do not include sufficient information to determine if the time expended was reasonable. The entries do not indicate that the work was in relation to the collection of attorney's fees or enforcement of the settlement agreement. In addition, the entries appear to be redundant, as the vast majority of them simply involve reading more than fifty letters from Relator without indicating the dates, subject matter, or necessity for the letters. *Rode*, 892 F.2d at 1183 ("Hours are not reasonably

expended if they are excessive, redundant, or otherwise unnecessary." (citing *Hensley*, 461 U.S. at 433)).

On January 31, 2011, Relator filed a Second Supplemental Petition for Attorney's Fees, requesting an additional $13,385 to cover time and expenses incurred in preparing for and participating in the December 21 and January 5 hearings, and in preparing the second supplemental filing. This amount included time spent by Gordon and Ballard, at the hourly rates of $300 and $400, respectively. We have already found these rates to be reasonable. We also find the hours billed related to the fee petition to be reasonable. However, not all the fees requested by Gordon in the Second Supplemental Fee Petition are related to the recovery of attorney's fees. The descriptions on the time sheets indicate that Gordon spent 3.9 hours related to matters other than the recovery of attorney's fees. (2nd Supp. Pet. for Att'y Fees Ex 1.) We will not award fees for this time. Thus, we will award only an additional $12,215.

In will total, we award $58,063.98 in attorney's fees and costs.

### C.     Motion for Relief

In Relator's Motion for Relief, he requests that the court re-open this case to award attorney's fees. Since Relator is being awarded attorney's fees, his Motion for Relief is moot.

### IV.     CONCLUSION

For the foregoing reasons, Relators' Petition for Attorney's Fees, Costs, and Expenses will be granted in part and denied in part, and Relator's Motion for Relief will be dismissed as moot.

An appropriate Order will follow.

**BY THE COURT:**

**/s/ R. BARCLAY SURRICK, J.**